## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHARYL THOMPSON ATTKISSON, JAMES HOWARD ATTKISSON, and SARAH JUDITH STARR ATTKISSON, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No.: 15-238(EGS) |
| UNITED STATES ATTORNEY GENERAL ERIC HOLDER, *et al.*, | ) ) ) |  |
| Defendants. | ) ) |  |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' *SECOND* MOTION FOR EXPEDITED DISCOVERY [ECF No. 21] *AND* MOTION TO DISMISS

### INTRODUCTION

Defendant Eric Holder, United States Attorney General, and Defendant Patrick Donahoe, the former Postmaster General and Chief Executive Officer of the United States Postal Service (collectively "Named Defendants") respectfully oppose Plaintiff's Renewed Motion For Expedited Discovery [ECF No. 21].[1]  As an initial matter, to date, the Named Defendants have not been properly served under Fed. R. Civ. P. 4(i), either in their official or individual capacity. The Named Defendants appear specially for the very limited purpose of responding to Plaintiff's Renewed Motion.  Therefore, the Named Defendants do not waive proper service of process or any other applicable defenses under Fed. R. Civ. P. 12, or laws of the United States.  Moreover, even if service of process has been perfected, Plaintiffs' claims against the Named Defendants are legally deficient because a *Bivens* action cannot based be on a theory of *respondeat superior*.

---

[1]     "Plaintiff's Renewed Motion For Expedited Discovery" is referred to as "Plaintiffs' Renewed Motion" and cited as "Pl. Renewed Mot."

For these reasons, the Court should deny Plaintiffs' Renewed Motion for failure to properly serve the Named Defendants. Furthermore, if service is deemed proper, the Court should nevertheless dismiss Plaintiffs' Complaint for failure to state a claim.

## PROCEDUAL AND FACTUAL BACKGROUND

On December 30, 2014, Plaintiffs[2] (represented by counsel) filed a Complaint in the District of Columbia Superior Court, claiming that "[t]his lawsuit is brought pursuant to *Bivens*" (Compl. ¶1) and that the "present case arises under the Constitution and laws of the United States" (Compl. ¶ 2). *See* ECF No. 6-1. Plaintiffs sue Eric H. Holder, United States Attorney General ("AG Holder") and Patrick R. Donahoe, the former Postmaster General and Chief Executive officer of the U.S. Postal Service ("former-PMG Donohoe") in their official and individual capacities. Compl. at ¶¶ 7& 8. The Complaint also names "Unknown Named Agents of the Department of Justice, in their individual capacities," "Unknown Named Agents of the United States Postal Service, in their individual capacities" and "Unknown Named Agents of the United States, in their individual capacities."[3] Plaintiffs' Complaint alleges that some unidentified employee(s) of the U.S. Department of Justice and U.S. Postal Service hacked into their electronic devices, including their laptops, phones, and other household devices. *See* Compl. ¶¶ 10-76. They claim that this alleged surveillance violated their First and Fourth Amendment rights under the Constitution. See Compl. at Counts I and II. Plaintiffs allege that AG Holder and former-PMG Donohoe have "ultimate authority" over their respective agencies.

---

[2]     Sharyl Thompson Attkinson, James Howard Attkinson and Sarah Judith Starr Attkinson are Plaintiffs in this case.

[3]     To be clear, the U.S. Attorney's Office for the District of Columbia presently does not represent these "Unknown Named Agents."

Compl. 7& 8.  Plaintiffs seek, among other relief, compensatory and punitive damages against these Named Defendants.  *See* Comp. Prayer For Relief.

Although Plaintiff failed to properly serve any of the listed defendants while the case was in the District of Columbia Superior Court, on February 18, 2105, the Named Defendants appeared specially to remove the case to this Court under 28 U.S.C. § 1442.  See Notice of Removal (ECF No. 1).  Five days later, on February 23, 2015, Plaintiffs requested summons to be issued to the Named Defendants.  See ECF Nos. 3 and 4.  On that same day, while knowing that none of the defendants had been served, Plaintiffs filed their "first" motion for expedited discovery.  See ECF No. 5.  On the next day, February 24, 2015, the Court issued summons for the Named Defendants (ECF No. 7) and simultaneously directed the Named Defendants to respond to Plaintiffs' Motion by March 3, 2015.  See Feb. 24, 2015 Minute Order.

Consistent with the Court's February 24th Order, the Named Defendants appeared specially and opposed Plaintiffs' motion for expedited discovery.  *See* ECF No. 11.  On March 13, 2105, the Court observed that "there is some ambiguity as to whether and when the named defendants in this case were served."  *See* March 13, 2015 Minute Order.  The Court then ordered Plaintiffs to "file proof-of-service affidavits regarding their service on the named defendants."  *Id.*  On March 16, 2105, Plaintiffs submitted two "Return of Service Affidavits" *See* ECF Nos. 15 & 16.  Plaintiffs' submission did not meet the requirements of Rule 4(i) because, on the next day, the Court denied Plaintiffs' motion for expedited discovery and ordered that "[i]f Plaintiffs renew their request they must (1) first file proof that the named defendants in this case have been properly served pursuant to Federal Rule of Civil Procedure 4(i); and (2) provide an explanation of the precise discovery they seek to take."  *See* March 17, 2015 Minute Order.

On March 19, 2015, Plaintiffs again submited what they claimed to be "proof of service" on the Named Defendants. *See* ECF Nos. 17-20. On the next day, Plaintiffs renewed their motion for expedited discovery. *See* ECF No. 21. As shown below, Plaintiffs still have not properly served the Named Defendants. More importantly, even if Plaintiffs had perfected service of process, their claims against the Named Defendants are subject to dismissal because allegations of *respondeat superior* are not cognizable in a *Bivens* action. For these reasons, the Court should dismiss Plaintiffs' Complaint and deny the motion for expedited discovery altogether.

## ARGUMENT

**A.    Plaintiffs Still Have Not Properly Served The Named Defendants And Their Proposed Discovery Is Not Narrowly Tailored For Purposes Of Identifying The "Doe Defendants."**

### I.    Plaintiffs Failed To Comply With Local Rule 7(m)

As a preliminary matter, Plaintiffs failed to comply with Local Civil Rule 7(m) for failure to confer with counsel for the Named Defendants before filing Plaintiffs' Renewed Motion here. This failure itself provides the Court with an independent basis to summarily deny Plaintiffs' Renewed Motion. This Court has explained that Local Civil 7(m) requires "a party to confer with his opponent regarding any non-dispositive motion 'in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement' and to 'include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.'" *Cohen v. Board of Trustees of University of District of Columbia*, -- F.R.D. --, 2014 WL 6890705, * 4 (D.D.C. Dec. 9, 2014) (Sullivan, J.).

"The purpose of Rule 7(m) is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to create an opportunity for the parties to narrow

the disputed issues that must be brought to the court." *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 47

(D.D.C. 2009).  Noncompliance with Local Civil Rule 7(m) provides an independent basis to

deny non-dispositive motions.  *See U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, Inc.,

235 F.R.D. 521, 529 (D.D.C. 2006) ("The obligation to confer . . . requires a good faith effort to

resolve the non-dispositive disputes that occur in the course of litigation.  As such, failure to

comply with the conference requirement is sufficient basis to deny a motion to compel"); *see*

*also Sokos v. Hilton Hotels Corp.*, 283 F.Supp.2d 42, 55 (D.D.C. 2003) (movant's failure to

comply with the good faith conference requirement resulted in a denial of movant's motion to

strike testimony and an award of attorney's fees to the non-moving party).

      Nor is compliance with Local Civil Rule a mere formality that can be "satisfied by

perfunctory action, but requires a good faith effort to resolve the non-dispositive disputes that

occur in the course of litigation." *U.S. ex rel. Pogue, Inc.*, 235 F.R.D. at 529.  Failure to comply

with Local Rule  7(m) is "a waste of [the] Court's time and resources to adjudicate a dispute that

could have been resolved by the parties themselves." *Id.*

      In this case, Plaintiffs' Renewed Motion does not include a required statement that

counsel conferred with the Named Defendants under Local Rule 7(m) prior to filing this non-

dispositive motion.  Plaintiffs could not have included such a statement because they to confer

with counsel for the Named Defendants about this filing.  In fact, Plaintiffs did not even confer

with the Named Defendants even for their "first" motion for expedited discovery (ECF No. 5).

As this Court has previously observed, a plaintiff's failure to comply with Local Rule 7(m)

constitutes independent grounds for denying non-dispositive motions.  *See* Cohen, 2014 WL

6890705 at * 4 (Sullivan, J.) (denying motion to amend because the movant failed to confer with

the opponent prior to filing the motion).   The Court should simply deny Plaintiffs' Renewed

Motion on this ground.

> **II.      Plaintiffs Failed To Perfect Service Under Rule 4(i) And, Therefore, Failed
> To Comply With This Court's March 17, 2015 Minute Order.**

Had Plaintiffs conferred with the Named Defendants, the undersigned would have

advised counsel that Plaintiffs have not perfected service of process under Fed. R. Civ. P. 4(i).  It

is now a "waste of the Court's time and resources" to have to consider and deny Plaintiffs'

Renewed Motion for the same reason that the Court previously denied Plaintiffs' "first" motion

for expedited discovery – namely, Plaintiffs failed to properly serve the Named Defendants

under Rule 4(i).  *See* March 17, 2015 Minute Order.

In denying Plaintiffs' "first" motion for expedited discovery (ECF No. 5), the Court

specifically instructed Plaintiff to submit "proof that the named defendants in this case have been

***properly*** served pursuant to Federal Rule of Civil Procedure 4(i)" before they could renew their

motion for expedited discovery.  *See* March 17, 2105 Minute Order (emphasis added).  Plaintiffs

have not complied with the Court's instruction here.

Rule 4(i) proscribes *how* to effect service on federal agencies, like the U.S. Department

of Justice and U.S. Postal Service, and Rule 4(i) plainly requires service upon: (1) the United

States Attorney's Office, (2) the Attorney General, and (3) the federal agency (or official) sued.

See Fed. R. Civ. P. 4(i)(1) & (2).  In addition, if the federal officials are sued in their individual

capacity, like AG Holder and former-PMG Donohoe here, Rule 4(i)(3) requires Plaintiffs to

serve both "the United States *and* also serve the officer or employee." Fed. R. Civ. P. 4(i)(3)

(emphasis added).

Here, on the U.S. Postal Service, as proof of service, Plaintiffs submitted two letters

addressed to: (1) "Patrick R. Donohoe,  c/o Eric Holder"; and (2) "Patrick R. Donohoe, c/o Civil

Process Clerk." *See* ECF Nos. 17 & 18.[4]  It is unclear why Plaintiffs sent the "summons and complaint" addressed to Donohoe in the "care of" AG Holder and the Civil Service Clerk.  The "summons" issued by the Court specifically listed an address for former-PMG Donohoe but Plaintiffs did not use that address to serve the U.S. Postal Service.  *See* ECF No. 7-1 (listing the address for Donohoe at 475 L'Enfant Plaza SW).  Furthermore, neither the U.S. Department of Justice nor the U.S. Attorney's Office is authorized to accept service on former-Postmaster General Donohoe's behalf when sued in his personal capacity.

Similarly, for the U.S. Department of Justice, as proof service, Plaintiffs also submitted two letters addressed to (1) "Eric Holder, Attorney General; and (2) "Eric Holder, c/o Civil Process Clerk." *See* ECF Nos. 19 & 20.[5]  At best, these documents show that Plaintiffs served

---

[4]    The full addresses are:
(1) Patrick R. Donohoe
c/o Eric Holder
Attorney General
950 Pennsylvania Ave., NW
Washington, DC 20530

(2) Patrick R. Donohoe
c/o Civil Process Clerk
US Attorney for the District of Columbia
555 4th St., NW
Washington, DC 20530

[5]    The full addresses are:
Eric Holder
Attorney General
950 Pennsylvania Ave., NW
Washington, DC 20530

Eric Holder
c/o Civil Process Clerk
US Attorney for the District of Columbia
555 4th St., NW
Washington, DC 20530

the U.S. Attorney's Office for the District of Columbia and the Attorney General under Rule 4(i)(1)(A)(i); however, these documents do not show that Plaintiffs properly served the agency itself. Likewise, these documents do not show that Plaintiffs served the U.S. Postal Service itself as required under Rule 4(i)(2).[6] Indeed, failure to serve the federal agency under Rule 4(i) is subject to dismissal. *See Gardner v. United States*, No. 02-1088 (HHK), 2003 U.S. Dist. LEXIS 11583 (June 3, 2003) (dismissing for failure to serve agency, where *pro se* plaintiff had served Attorney General and U.S. Attorney's Office); *Briggs v. State Dep't Fed. Credit Union*, No. 05-1344 (GK), 2006 WL 1444009 (May 25, 2006).

More importantly, given that Plaintiffs are also suing AG Holder and former-PMG Donohoe in their "individual capacity" (Compl. ¶¶ 7 &8), Plaintiffs must also serve these defendants individually, as required under Rule 4(i)(3). *See* Fed. R. Civ. P. 4(i)(3) (prescribing that to serve a U.S. employee "sued in an individual capacity" a party "***must serve*** the United States and also serve the officer or employee under Rule 4(e), (f) or (g)") (emphasis added). Plaintiff's "proof of service" (ECF Nos. 17-20) does not show that AG Holder and former-PMG Donohoe were served in their individual capacities. Under these facts, Plaintiffs have not properly served the Named Defendants, either in their official or personal capacities. Therefore, without appropriate proof of service consistent with Rule 4(i), Plaintiffs failed to comply with the Court's specific instruction that Plaintiff "must . . . first file proof" that the Named Defendants "have been properly served" under Rule 4(i) before renewing their request for expedited discovery. *See* March 17, 2015 Minute Order. Accordingly, the Court should deny Plaintiffs' Renewed Motion for failure to perfect service of process and to comply with the March 17, 2015 Minute Order.

---

[6]     Plaintiffs' summons and complaint were returned for failure to properly serve AG Holder and former-PMG Donohoe under Rule 4(i). *See* Gov. Exh. A.

**III.**    **Plaintiffs' Discovery Requests Are Not "Narrowly Tailored" To Determine The True Identities Of the "Doe Defendants**."

The Court's March 17th Order instructed Plaintiffs to provide an explanation "of the precise discovery they seek" and "an explanation of how that discovery would be limited to ensure that it did not become full discovery on the merits of their claims." *See* March 17, 2105 Minute Order. Plaintiffs ignored this Court's instruction and proposed expansive discovery requests that included discovery on the merits. *See* Plaintiff's Proposed Discovery Requests (ECF No. 21-1).

Plaintiffs' Renewed Motion maintains that the proposed discovery requests are "narrowly tailored to the unique identification issue." *See* Second Mot. at 5. This assertion lacks merit in light of their 53 interrogatories (including discrete subparts). Indeed, by any objective standard, discovery requests that include 53 interrogatories, including subparts, and exceed the presumptive maximum number of 25 interrogatories under Rule 33, are neither "limited" nor "narrowly tailored." Here, the total number of Plaintiffs' proposed 21 interrogatories, including six subparts for Interrogatory No. 11 and 26 subparts for Interrogatory No. 16, amounts to 53 interrogatories, including discrete subparts. This number more than doubles the presumptive maximum number of 25 interrogatories, including subparts, provided under Rule 33. *See* Fed. R. Civ. P. 33(a)(1) (stating "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.").

Moreover, Plaintiffs' proposed interrogatories are neither "narrowly tailored" (as they claimed) nor "limited" (as the Court required). For example, nine interrogatories seek information on the "identity of *any person* who has knowledge" on surveillance technology or the surveillance of Plaintiffs' electronic devices. *See* Proposed Interr. Nos. 2-10, 16 (ECF N. 21-1) (emphasis added). Plaintiffs fail to define the term "any person." Therefore, as written, these

interrogatories can be construed as seeking information on unlimited number of individuals in the federal government or the private sector.

Five interrogatories seek information on the "identity [of] *all persons employed by any agency of the federal government*." *Id.* (Proposed Interr. No. 1, 12-16) (emphasis added). Plaintiffs failed to define the terms "agency" or "federal government." Assuming that Plaintiffs focus only on the Executive Branch, which has 15 different cabinet level departments and hundreds of various agencies and commissions,[7] these five interrogatories would require the Named Defendants to canvass hundreds of federal employees working for the federal executive branch for responsive information. These proposed interrogatories are not "narrowly tailored" under any standard.

Furthermore, five interrogatories seek discovery on the merit of Plaintiff's claims by asking for information on whether the Department of Justice targeted Plaintiffs for surveillance. *See* Proposed Interr. Nos. 17-21. Similarly, Plaintiffs' proposed document requests seek documents on the alleged surveillance of Plaintiffs' electronic devices. *See* Proposed Requests Nos. 1-3. These requests show that the Court's concerns materialized in that Plaintiffs' proposed discovery would not be limited and that they "become full discovery on the merits of their claims." *See* March 17, 2105 Minute Order.

In addition, one request even seeks documents relating to the "White House." *See* Proposed Request No. 3. The Complaint, however, does not allege any involvement by "the White House." Plaintiffs' proposed discovery requests are expansive and nothing short of "a fishing expedition," and are not "limited" to seeking the identity of the "Doe Defendants" as this

---

[7]     *See* https://www.whitehouse.gov/our-government/federal-agencies-and-commissions (last visited on April 3, 2015).
*See also* http://www.usa.gov/Agencies/Federal/Executive.shtml#Executive_Departments (last visited April 3, 2015).

Court has asked Plaintiffs to do.  Therefore, the Court should reject Plaintiffs' expansive

proposed discovery requests.

Plaintiffs argue that "good cause" exists for expedited discovery because they are running

up against the statute of limitations and that they cannot serve all necessary parties within 120

days.  Pl. Renewed Mot. at 5.  These arguments lack merit.  First, Plaintiffs fail to set forth the

claims that are subject to the statute of limitations and the precise time limits applicable here.

Without more, Plaintiffs are merely manufacturing a false urgency to justify expedited discovery.

Second, Plaintiffs have not shown that they even tried to serve the "necessary parties within 120

days of filing suit."  Aside from the incorrect "Proof of Service" (ECF No. 17-20) that they filed

with the Court, Plaintiffs failed to describe what steps, if any, that they took to serve the

"necessary parties" but were unsuccessful.  In fact, the Court has previously observed that

Plaintiff's "conclusory statement that plaintiffs seek to serve limited, immediate discovery" are

insufficient to justify expedited discovery.  *See*  March 17, 2105 Minute Order.

**B.      Plaintiffs' *Bivens* Complaint Fails To State A Claim Against The Named Defendants**

**A.      Rule 12(b)(6) Motion To Dismiss**

Even if service of process has been perfected here, Plaintiffs' Complaint is subject to

dismissal under Rule 12(b)(6).  In *Voinche v. Obama*, this Court set forth the standard of review

for a Rule 12(b) motion to dismiss and stated:

> A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a
> complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  A
> complaint must contain "a short and plain statement of the claim showing that
> the pleader is entitled to relief, in order to give the defendant fair notice of what
> the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,
> 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (internal quotation marks
> and citations omitted).  "'[W]hen ruling on a defendant's motion to dismiss, a
> judge must accept as true all of the factual allegations contained in the
> complaint[,]'" *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C.
> Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.

Ed. 2d 1081 (2007)), and grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F. 3d 1271, 1276 (D.C. Cir. 1994). A court must not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.* In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* A complaint must therefore plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Atherton*, 567 F.3d at 681 (quoting *Iqbal*, 129 S.Ct. at 1949). This, in turn, "asks for more than a sheer possibility that a defendant has acted unlawfully"; a complaint alleging facts that are "'merely consistent with' a defendant's liability ... 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (quoting I, 550 U.S. at 557, 127 S.Ct. 1955).

744 F. Supp. 2d 165, 170-71 (D.D.C. 2010) (Sullivan, J.).

## B.   *Bivens* Cannot Be Based On *Respondeat Superior*

The purpose of *Bivens* is "to deter individual federal officers from committing constitutional violations," and, therefore, *Bivens* liability is limited to those who are "directly responsible" for such violations. *Correction Serv. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001). Constitutional tort claims "cannot rest merely on *respondeat superior*," and a plaintiff therefore "must at least allege that the defendant federal official was personally involved in the illegal conduct." *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997). Referring to the notion of "supervisory liability" in the *Bivens* context as a "misnomer," the Supreme Court likewise has explained that a supervisor's mere knowledge of and acquiescence in a subordinate's discriminatory purpose cannot support a finding that the supervisor violated the Constitution. *Iqbal*, 129 S. Ct. at 1949. Rather, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct" and a "plaintiff must plead that

each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 1947, 1948.

Plaintiffs' Complaint contains no allegations that AG Holder or former-PMG Donohoe acted in any capacity surrounding the alleged hacking and surveillance of Plaintiffs' electronic devices.   Plaintiffs' 79-paragraph Complaint mentions AG Holder and former-PMG only once when describing the "parties" in the lawsuit. *See* Compl. ¶¶ 7, 8.  At best, Plaintiffs attribute liability to AG Holder and former-PMG Donohoe because they have "the ultimate authority over" their respective agencies. *Id.*  Taking Plaintiffs' allegations as true, they merely claim that AG Holder and former-PMG Donohoe were responsible for their employees' conduct.  This is precisely the type of allegations that the Supreme Court rejected in *Iqbal*.  The Supreme Court held that "Government official may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 129 S. Ct. at 149. *See also Marlin v. Lappin*, 298 Fed. Appx. 4, 2008 WL 4838411 (D.C. Cir. Oct. 20 2008) (appellant's failed to state a *Bivens* claim because appellant's constitutional claims are nothing more than an allegation of respondeat superior, not cognizable under *Bivens*); *see also Cameron v. Thorburgh*, 983 F. 2d 253, 259 (D.C. Cir. 1993).

In *Iqbal*, the plaintiff brought a *Bivens* action against the FBI Director and the Attorney General alleging that these officials directed the arrests of thousands of Arab Muslim men, including the plaintiff himself, on the count of their race, religion, or national origin. *Iqbal*, 129 S. Ct. at 1942-44.  The plaintiff, however, failed to claim that these two officials had direct involvement in his alleged discriminatory arrest or treatment. *Id.*  The Supreme Court rejected the plaintiff's allegations and held that "[b]ecause vicarious liability is inapplicable to *Bivens* and

§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 1248.

In *Cameron*, the plaintiff sued the Attorney General and the Director of the Bureau of Prisons ("BOP") in their individual capacities under *Bivens* when the BOP failed to transfer him to a different federal facility that was better equipped to care for his health. 983 F. 2d at 254-55. The D.C. Circuit rejected the plaintiff's *Bivens* claims and held that "[i]n the absence of any allegations specifying the involvement of [the Attorney General ] or [Director of BOP] in this case, the claims against them are based on nothing more than a theory of *respondeat superior*, which of course cannot be used in a *Bivens* action." *Id.* at 258. Like the allegations in *Iqbal* and *Cameron*, Plaintiffs' Complaint failed to specify what personal involvement that AG Holder and former-PMG Donohoe had or the individual actions that they took surrounding the alleged hacking and surveillance of Plaintiffs' electronic devices. Without more, under establied law, Plaintiffs' Complaint fails to state a claim against AG Holder and former-PMG Donohoe.

Furthermore, to the extent that Plaintiffs are suing AG Holder and former-PMG Donohoe in their official capacities under *Bivens*, they are immune from suit. "It is well established that *Bivens* remedies do not exist against officials sued in their official capacities." *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011). *See Perkins v. Aschroft*, 275 Fed. Appx. 17, 2008 WL 1885615 (D.C. Cir. Apr. 22, 2008) (holding that to the extent appellant was attempting to sue the former Attorney General in his official capacity in a *Bivens* action, the action is barred by sovereign immunity) (citing *see also Clark v. Library of Congress*, 750 F.2d 89, 104 (D.C. Cir. 1984)).

Finally, Plaintiffs' allegations are the type of "patently insubstantial claims" that the D.C. Circuit has previously dismissed for want of jurisdiction because the claims presented no federal

questions for decision. *Tooley v. Napolitano*, 586 F. 3d 1006, 1009 (D.C. Cir. 2009).  In *Tooley*,

the plaintiff claimed that after he spoke to an airline representative about how cargoes were not

properly screened before being loaded on airplanes he was subject to government surveillance.

*Id.* at 1006.  According to plaintiff, more than a year after his conversation with the airline, the

federal government launched a massive surveillance program against him, which included

wiretapping of his and his family members' phones and houses.  *Id.*  He also claimed that he and

his family were under constant surveillance.  *Id.*  The plaintiff brought a *Bivens* action against the

Attorney General, the U.S Department of Homeland Security, and the Administrator of the

Transportation Security Administration for violating his First Amendment rights.  *Id.* at 1007.

The D.C. Circuit outright rejected the plaintiff's complaint and observed that the plaintiff's

allegations were "the particular combination of sloth, fanaticism, inanity and technical genius

alleged here seems to us to move these allegations into the realm of claims flimsier than doubtful

or questionable -- essentially fictitious, not realistically distinguishable from allegations of 'little

green men' of the sort that Justice Souter recognized in *Iqbal* as properly dismissed on the

pleadings." *Tooley*, 586 F.3d at 1009 (internal quotation marks and citations omitted).  The D.C.

Circuit affirmed the dismissal of the plaintiff's complaint as the "sort of patently insubstantial

claims" that were routinely dismissed by the district courts in this jurisdiction.  *Id.* at 1010.

Like the allegations in *Tooley*, Plaintiffs' claims in this case are similarly too

"insubstantial" to warrant further consideration by this Court.  According to Plaintiffs, some

unknown person(s) -- allegedly working for the federal government -- remotely hacked their

electronic devices and subjected them to surveillance after Ms. Attkisson reported on the

Benghazi affair and the "Fast and Furious" gun program in early 2011.  Compl. ¶¶ 10-37.

Plaintiffs claimed that the electronic surveillance stopped in December 2012 when she discussed

15

computer issues with her friends, contacts, and "sources." *Id.* at ¶ 37.   Plaintiffs claimed that

computer forensic experts analyzed their computers and found their Toshiba laptop contained

"an unauthorized communication channel" traced to an Internet Provider (IP) address belonging

to the U.S. Postal Service. *Id.* at 58.   Plaintiffs finally allege that some unidentified "government

source" "wipe[d] evidence" of any intrusion. *Id.* at ¶ 60.   Plaintiffs' allegations here are no

different in kind than those summarily rejected by the D.C. Circuit in *Tooley* as "patently

insubstantial presenting no federal question suitable for decision." 586 F.3d at 1109.   The Court

should similarly dismiss this case on that same basis.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court should deny Plaintiffs' Renewed Motion For

Expedited Discovery for failure to properly serve the Named Defendants.   Even if service has

been perfected, the Court should dismiss this *Bivens* action for failure to state a claim.

April 6, 2015                                         Respectfully submitted,

VINCENT H. COHEN, JR.
D.C. BAR # 447889
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division


By:             _____//s_____
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2524
Fax: (202) 252-2599
E-mail: John.Truong@usdoj.gov
Counsel for Named Defendants
(Appearing Specially)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARYL THOMPSON ATTKISSON, JAMES HOWARD ATTKISSON, and SARAH JUDITH STARR ATTKISSON, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 15-238(EGS) |
| | ) | |
| UNITED STATES ATTORNEY GENERAL ERIC HOLDER, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

### [PROPOSED] ORDER

Upon consideration of Plaintiffs' Renewed Motion For Expedited Discovery [ECF No.

21], Named Defendants' Opposition thereto and Motion To Dismiss, and the entire record

herein, it is this _____ day of _____, 2015;

**ORDERED** that Plaintiffs' Renewed Motion For Expedited Discovery [ECF No. 21] be

and is hereby **DENIED**; it is

**ORDERED** that the Named Defendants' Motion To Dismiss be and is hereby

**GRANTED**; and it is

**FURTHER ORDERED** that the above-captioned case be and is hereby **DISMISSED**

with prejudice.

**SO ORDERED.**

_____
United States District Judge

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.   20530*

March 27, 2015

Robert N. Jones
Paralegal to David M. Thomas, Esq.
MichieHamlett
Attorneys at Law
500 Court Square, Suite 300
P.O. Box 298
Charlottesville, VA 22902-0298

> Re: **<u>Sharyl Thompson Atkisson, et al. v. Eric H. Holder, et al.</u>**
>     Civil Action No. 15-238

Dear Mr. Jones:

We recently received your summons and complaint in the above case.   Please be advised that the summons that was included in your mailing is addressed to:

> Patrick R. Donahoe
> U.S. Postmaster General
> 475 L'Enfant Plaza, SW
> Washington, D.C. 20530

This office can only accept a summons on behalf of the United States Attorney for the District of Columbia, not potential client agencies.[1]   An example of the correct addressing of the summons would look like:

> Ronald C. Machen Jr.
> United States Attorney
> for the District of Columbia

---

[1] A summons and complaint was also received in the same fashion for Eric H. Holder, Attorney General.   The Attorney General for the United States also has to be served individually at the U.S. Department of Justice.   This office cannot accept summonses and complaints on his behalf.



GOVERNMENT
EXHIBIT
A

c/o Civil Process Clerk
555 4th Street, NW
Washington, D.C. 20530

Additionally, the address for the assigned attorney at your firm was not entered on the low portion of the summons. Thus, we are returning your mailing to allow you complete proper service.

Sincerely,

RONALD C. MACHEN JR.
United States Attorney
District of Columbia

BY:    KEITH V. MORGAN
       Deputy Chief, Civil Division

2